**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ERIC WILLIAMS**<br><br>Plaintiff,<br><br>v.<br><br>**DRUG ENFORCEMENT ADMINISTRATION**<br><br>Defendants. | Civil Action No. 2:12-cv-04769 (CCC) (JAD)<br><br><br>REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS |

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

This matter comes before the Court upon Defendant, United State's Drug Enforcement Agency's (DEA, hereinafter referred to as "Defendant") motion to dismiss Plaintiff, Eric Williams' Complaint, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (ECF No. 24). The Hon. Claire C. Cecchi, U.S.D.J., referred Defendant's motion to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Defendant's motion to dismiss be **GRANTED**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that on July 22, 2010, Defendant unconstitutionally and improperly seized Plaintiff's vehicle (1992 BMW 850i) from his brother's residence and later forfeited the vehicle with no valid reason. (Complaint, ECF No. 1, ¶ 3). Specifically, Plaintiff contends that Defendant did not have a warrant asserting that Plaintiff's brother had used the seized vehicle to transport contraband narcotics. (Id.). Plaintiff alleges that the vehicle was a gift to his brother from their father and that Plaintiff was the sole owner of the vehicle (the vehicle's title being in Plaintiff's name),[1] but admits that Plaintiff never conveyed this information to any DEA investigator. (Id. at ¶ 4). Plaintiff further claims that he submitted a petition for remission and mitigation to Defendant following the vehicle's seizure. (Id. at ¶ 6). Plaintiff alleges that no connection existed between the seized vehicle and his brother's criminal activity. (Id. at ¶ 10).

On July 30, 2012, Plaintiff filed the case in the United States District Court for the District of New Jersey against Defendant, seeking a declaratory judgment and remediation of Defendant's alleged unconstitutional and improper seizure and forfeiture of Plaintiff's vehicle. (Id. at ¶ 13).

On October 26, 2012, Defendant responded with a letter stating that Plaintiff improperly served the United States by failing to meet the requirements of Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure, and therefore Defendant was not required to file an answer. (October 26, 2012 letter from Defendant, ECF No. 3 at 1). Defendant stated that regardless, "administrative forfeiture is solely a matter for the Executive Branch, [therefore] there is no judicial review of any aspect of the administrative forfeiture proceeding, except for the review necessary to ensure that the agency followed procedures that afforded property owners due

---

[1] While these two allegations appear to be at best, inconsistent, a resolution or explanation thereof is not necessary to resolve this motion.

2

process of law." (Id.). Accordingly, based on this reasoning, Defendant asserts that the instant case should be dismissed for Plaintiff's failure to properly effect service and for lack of subject matter jurisdiction. (Id.). Moreover, enclosed with Defendant's October 26, 2012 letter was a Declaration by the Acting Forfeiture Counsel of the DEA, United States Department of Justice, Vicki L. Rashid. (Declaration of Vicki L. Rashid, ECF No. 3-1 at 1). In the Declaration, Rashid stated that the vehicle in question was seized on July 22, 2010, from Jeremy Williams, Plaintiff's brother, and that Defendant subsequently submitted a forfeiture report to Rashid's office. (Id. at 2). Rashid asserts that after a comprehensive review of Defendant's process in seizing the vehicle, Defendant endorsed the case for administrative forfeiture. (Id.).

On August 26, 2010, pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a), Defendant sent a written notice, by certified mail, of the seizure of the vehicle to Plaintiff's brother at a New York address, New Jersey address, and prison address. (Id. at 2–4). The notices sent to the New York and prison addresses were delivered and accepted by an individual who signed in the "Signature" box on August 28, 2010 and August 31, 2010, respectively. (Id. at 2–3). The notice sent to the New Jersey address, however, was returned to Defendant on October 1, 2010 labeled by the United States Postal Service as "RETURN TO SENDER. UNCLAIMED. UNABLE TO FORWARD." (Id. at 3). In addition, another notice was also sent via certified mail to Jeremy Williams, care of Alan Abramson, Esq., ("Abramson") on August 26, 2010; that notice was delivered and accepted on August 30, 2010 by an individual who signed in the "Signature" box. (Declaration of Rashid, ECF No. 3-1 at 3–4). Furthermore, a final notice was sent via certified mail to Plaintiff at his New York address on August 26, 2010. (Id. at 4). On August 31, 2010, the notice sent to Plaintiff's New York address was delivered and accepted by an individual who signed in the "Signature" box. (Id.).

Moreover, pursuant to 19 U.S.C. § 1607(a), notices were additionally published once per week for three consecutive weeks in The Wall Street Journal, a newspaper of general circulation in the District of New Jersey, on September 13, 20, and 27, 2010. (Id.). All of the notices, whether mailed or published, detailed the opportunity to file a claim with the DEA Forfeiture Counsel to dispute the forfeiture action in United States District Court, as well as the option to file a petition for remission or mitigation. (Id.). Further, all of the notices indicated a deadline of September 30, 2010 to file a claim, or alternatively October 28, 2010, if no mailed notice was received. (Id.).

On September 24, 2010, Defendant received a petition for remission or mitigation of forfeiture from Abramson on Plaintiff's behalf. (Declaration of Rashid, ECF No. 3-1 at 5). Following receipt of the petition, an investigation was executed, which included an interview of Plaintiff via his attorney. (Id.). Thereafter, on December 2, 2010, pursuant to 19 U.S.C. § 1609, the vehicle in question was forfeited to the United States after Plaintiff and all notified parties failed to properly execute a claim disputing the forfeiture and the deadline for filing such claim had expired. (Id.). On May 16, 2011, Defendant denied Plaintiff's petition for remission or mitigation of forfeiture, and sent a notice of the denial by certified mail to Plaintiff, via Abramson; the notice was delivered and accepted by an individual who signed in the "Signature" box on May 27, 2011. (Id. at 5–6). Pursuant to 28 C.F.R. § 9.4(k), this notice included the opportunity to file a request for reconsideration of the decision denying the petition. (Id. at 5). On October 21, 2011, after the deadline to submit a request for reconsideration had passed, the vehicle in question was finally sold. (Id. at 6).

On November 26, 2012, Plaintiff filed a Declaration for Entry of Default, which stated that Defendant was served on August 22, 2012 and has since failed to timely answer Plaintiff's

4

Complaint. (Plaintiff's November 26, 2012 Request for Default, ECF No. 4 at 1–2). A Notice of Call for Dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure[2] was entered on December 19, 2012 "for failure to effect service of the summons and complaint within 120 days of the filing of the complaint." (December 19, 2012 Notice of Call for Dismissal, ECF No. 5). Therefore, unless Plaintiff could establish that he properly served Defendant within 120 days of filing the Complaint, the case would be dismissed. (Id.). Plaintiff submitted proof of service on January 7, 2013, and was then granted an additional thirty days to correctly effect service. (Plaintiff's Response to Notice of Call for Dismissal, ECF No. 6; Clerk's Note Granting Plaintiff Add'l 30 Days, ECF No. 7). On April 30, 2013, Judge Cecchi dismissed the case, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (April 30, 2013 Order Dismissing Case, ECF No. 8). On January 8, 2014, Judge Cecchi ordered that the case be re-opened and provided Plaintiff with 30 additional days to properly serve process upon the United States pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.[3] (January 8, 2014 Order Granting Plaintiff 30 Days for Service, ECF No. 13).

---

[2] "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

[3] "To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer." FED. R. CIV. P. 4(i)(1).

Plaintiff again filed a Declaration for Entry of Default on July 18, 2014, claiming that he successfully effected service on Defendant, satisfying Rule 4(i)(1) of the Federal Rules of Civil Procedure, and Defendant had since failed to timely answer Plaintiff's complaint. (Plaintiff's Request for Default, ECF No. 16 at 1). In response, Defendant alleged that Plaintiff violated Rule 4(c)(2) of the Federal Rules of Civil Procedure[4], and requested proper proof of service. (Defendant's Response to Plaintiff's Request for Default, ECF No. 17). Judge Cecchi issued an order providing Plaintiff with an additional 30 days to properly effect service on Defendant, pursuant to Rules 4(c) and (i) of the Federal Rules of Civil Procedure. (October 10, 2014 Order Granting Plaintiff 30 Days for Service, ECF No. 18).

On February 13, 2015, Defendant filed the instant motion to dismiss on the grounds that Defendant was never properly served a copy of the summons and complaint and that regardless, because Defendant properly sent notice to Plaintiff regarding the seizure of the vehicle, and Plaintiff subsequently failed to file a claim disputing the forfeiture by the stated deadline, Plaintiff's claim disputing the administrative forfeiture must be dismissed for lack of subject matter jurisdiction. (Defendant's Brief in Support of its Motion to Dismiss, ECF No. 24-1).

Plaintiff responded on March 27, 2015, alleging that the matter falls under an exception to the general rule that the Court has no jurisdiction over the administrative forfeiture process. (Plaintiff's Response in Opposition, ECF No. 25 at 2–9). Specifically, Plaintiff argues that his property was taken improperly and as such, the Court should take measures to resolve the error. (Id.). Plaintiff further contends that the Court should deny Defendant's motion to dismiss because Defendant did not follow proper procedures in seizing said vehicle and thus violated Plaintiff's Fourth Amendment rights. (Id. at 8–9).

---

[4] "Any person who is at least 18 years old and *not a party* may serve a summons and complaint." FED. R. CIV. P. 4(c)(2) (emphasis added).

Thereafter, on April 3, 2015, Defendant filed a reply supporting its request for the Court to dismiss Plaintiff's Complaint, arguing, (1) Plaintiff failed to properly effect service, (2) Plaintiff misunderstands the law regarding administrative forfeitures, and (3) Plaintiff's Complaint should be dismissed because he received proper notice of the vehicle's seizure and failed to file a claim according to administrative forfeiture procedures. (Defendant's Reply Brief in Support of its Motion to Dismiss, ECF No. 26).

## II. **LEGAL STANDARD**

Pursuant to the Controlled Substances Act, the government is permitted to "seize and forfeit any item of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and any conveyances used to facilitate the sale or distribution of controlled substances." Williams v. Drug Enf't Admin., Civilian No. 12-0850(NLH), 2014 WL 4494784, at *3 (D.N.J. 2014). See Controlled Substances Act, 21 U.S.C. § 801 et seq.; 21 U.S.C. § 881(a). If the seized property has a value of $500,000 or less, the DEA may initiate administrative forfeiture. See 19 U.S.C. § 1607.

The government, however, must notify "any person with an interest in the property [to be administratively forfeited] via certified mail and by advertising a notice of forfeiture in a local publication on three separate occasions." Williams, 2014 WL 4494784, at *3. See 18 U.S.C. § 983(a); 18 U.S.C. § 1607(a). In order to contest the seizure or forfeiture of property and preserve the dispute for judicial forfeiture proceedings, one must file a claim within the designated deadlines stated in the mailed and published notices, or one may instead file a claim for remission or mitigation. See 18 U.S.C. § 983; 19 U.S.C. § 1608, 1618; 19 C.F.R. § 162.47; 28 C.F.R. § 9.5.

7

Contingent on whether the Attorney General grants a petition for remission, the forfeiture proceeding may continue. A decision made by the Attorney General regarding a petition for remission is not subject to judicial review. See United States v. Kravitz, 738 F.2d 102, 105 (3d Cir. 1984), cert. denied, 470 U.S. 1052 (1985), cited in Weller v. U.S. Drug Enf't Admin., Civilian No. 09-1370, 2010 WL 2103446, *3 (M.D.Pa. May 19, 2010).

If no claim is filed, the government makes a declaration of forfeiture, which begins the administrative forfeiture process. 19 U.S.C. § 1609(b) (stating that a declaration of forfeiture has "the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States"). One who did not receive proper notice of the forfeiture proceedings has the option to file a motion to set aside the forfeiture. 18 U.S.C. § 983(e)(1); see 18 U.S.C. § 983(e)(5) (stating that a motion to set aside the forfeiture is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute"). In addition, this Court has jurisdiction to determine whether the administrative forfeiture met statutory and due process requirements. See Longenette v. Krusting, 322 F.3d 758, 760 n.3 (3d Cir. 2003).

## III.   ANALYSIS

### a.   Subject Matter Jurisdiction

In the instant case, Defendant argues that the district court does not have subject matter jurisdiction over Plaintiff's claim. (Defendant's Brief in Support of its Motion to Dismiss, ECF No. 24-1 at 13–22). Defendant contends that jurisdiction is unavailable because Plaintiff is

challenging an administrative forfeiture and because service was improper.[5] (Defendant's Brief in Support of its Motion to Dismiss, ECF No. 24-1).

"A district court ordinarily lacks jurisdiction to review the DEA's administrative forfeiture proceedings. However, 'the federal courts have universally upheld jurisdiction to review whether an administrative forfeiture satisfied statutory and due process requirements.'" United States v. McGlory, 202 F.3d 664, 670 (2000) (citations omitted) (quoting United States v. Woodall, 12 F.3d 791, 793 (8th Cir. 1993) (citing cases)).[6] "Unless the forfeiture violated procedural due process, the administrative forfeiture is valid and the court lacks jurisdiction to judicially review the administrative proceeding of the DEA." United States v. Davenport, Criminal No. 1:08-CR-424, 2010 WL 4791672 at *4 (M.D.Pa. Nov. 18, 2010).

b. **Analogous Cases**

The instant case is similar to Williams v. Drug Enf't Admin., Civilian No. 12-0850(NLH), 2014 WL 4494784 (D.N.J. 2014), a case involving Plaintiff's brother, Jeremy Williams ("J. Williams"). There, J. Williams brought suit against Defendant for the return of a vehicle that he alleged was unlawfully seized from his residence on July 22, 2010. Williams, 2014 WL 4494784, at *1.

The facts surrounding the incident are nearly identical to those in the case at hand. The DEA seized the vehicle from the garage adjoining J. Williams' residence "at the same time that [J. Williams] was arrested on drug trafficking charges." Id. Administrative forfeiture

---

[5] The Court need not reach the decision of whether service was proper, as the Court finds that it lacks subject matter jurisdiction altogether.

[6] See Linarez v. United States Dep't of Justice, 2 F.3d 208, 212 (7th Cir. 1993) ("[O]nce the government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the district court loses jurisdiction to resolve the issue of return of property.") (cited in United States v. McGlory, 202 F.3d 664, 670 (2000)).

proceedings were initiated against the vehicle, and the DEA "sent [J. Williams] written notice of the forfeiture procedure, by certified mail, return receipt requested, at several addresses, including his place of incarceration and to his attorney. The government received receipts indicating that all of these notices had been accepted and signed for." Id. Moreover, like the case at hand, notices were published once per week for three consecutive weeks in The Wall Street Journal, and all notices, whether mailed or published, contained information regarding the process of filing a claim to dispute the forfeiture or "filing a petition for pardon, remission, or mitigation of the forfeiture within 30 days of receipt of the notice." Id. J. Williams submitted a petition for pardon of forfeiture, which declared that the seized vehicle had been purchased using insurance proceeds resulting from an accident, not with income from drug transactions. Id. at *2. Following his failure to file a claim to dispute the forfeiture, the DEA administratively forfeited the vehicle on November 4, 2010, pursuant to 19 U.S.C. § 1609. Id. In March of 2011, Defendant denied J. Williams' petition for pardon of forfeiture and concluded that J. Williams "failed to provide sufficient information to demonstrate that the vehicle was purchased with legitimate funds, or to demonstrate legitimate employment or any means of support other than drug distribution proceeds, or to demonstrate what other vehicle he used to conduct his drug distribution activities." Id. J. Williams never requested that Defendant reconsider the denial. Id.

    The Williams court held that since Plaintiff's brother, J. Williams received timely notice of the administrative forfeiture proceeding and only filed a petition for remission, J. Williams "failed to allege or establish any constitutional or statutory violation that would entitle him to relief from the administrative forfeiture decision. See Cohen-Sanchez v. United States ex rel. Drug Enf't Admin., Civil No. 11-6578, 2012 WL 1150760 (D.N.J. April 5, 2012)." Id. at *4. As

such, the court granted Defendant's motion for summary judgment for lack of subject matter jurisdiction. Id.

The same holding resulted in United States v. Davenport, Criminal No. 1:08-CR-424, 2010 WL 4791672 (M.D.Pa. Nov. 18, 2010), which involved a motion for return of United States currency and property. Davenport, 2010 WL 4791672, at *1. During a criminal drug trafficking investigation, the DEA seized property belonging to Davenport, including a vehicle and jewelry. Id. The DEA began administrative forfeiture proceedings on the jewelry and vehicle, and mailed and published notices of the administrative forfeiture proceedings in the same manner as the DEA has in the case at hand. Id. at *1–2. The court found that "[u]nless the forfeiture violated procedural due process, the administrative forfeiture is valid and the court lacks jurisdiction to judicially review the administrative forfeiture proceeding of the DEA." Id. at *3. Accordingly, since "[t]he DEA clearly satisfied the requirements of procedural due process" by mailing and advertising notices regarding the property, the court lacked subject matter jurisdiction to review the DEA's administrative forfeiture proceeding. Id. The court further stated that even if the court had the jurisdiction to review the administrative forfeiture in question, the DEA still complied with the requirements of 18 U.S.C. § 983(a)(1)(A)(i), and as such, the proceedings would be valid and out of the court's purview. Id. See Weller v. U.S. Drug Enf't Admin., No. 3:09-1370, 2010 WL 2103446 (M.D. Pa. May 19, 2010); In re One Toyota Tacoma, No. 1:11-MC-238, 2011 WL 5238239 (M.D. Pa. Nov. 1, 2011) (holding that "a federal court lacks subject matter jurisdiction to review the merits of administrative forfeiture once the administrative process has begun") (quoting U.S. Drug Enf't Admin. v. One 1987 Jeep Wrangler Auto., 972 F.2d 472, 479 (2d Cir. 1992)); 2000 Toyota Tundra Pickup Truck v. United States, No. 08-MC-00032, 2008 WL 2078835 (E.D.Pa. May 14, 2008).

### c.     Administrative Forfeiture Satisfied Statutory and Due Process Requirements

Here, the Court finds that Defendant complied with all statutory and due process requirements. Plaintiff has not proven any violation entitling him to relief from Defendant's administrative forfeiture decision. See Cohen-Sanchez v. United States ex rel. Drug Enf't Admin., Civil No. 11-6578, 2012 WL 1150760 (D.N.J. April 5, 2012). Plaintiff received timely notice of Defendant's administrative forfeiture proceeding. Defendant sent written notices via certified mail regarding the vehicle's seizure to addresses known to be associated with Plaintiff (all but one notice was signed for and accepted within the sixty day statutory period); Defendant published notice of the seizure in The Wall Street Journal for three consecutive weeks. Plaintiff was provided with the statutorily required thirty-five days to file a claim disputing the forfeiture. Accordingly, this Court concludes that all actions taken by Defendant "comport with both statutory requirements and procedural due process requirements that notice be reasonably calculated under the circumstances to apprise [Plaintiff] of the pendency of the action. The administrative forfeiture[] of the . . . vehicle [was] valid, therefore the court lacks jurisdiction to review them." United States v. Davenport, 2010 WL 4791672 at *4.  As such, without subject matter jurisdiction, Defendant's motion to dismiss should be granted.[7]

---

[7] Further, even assuming *arguendo*, that the vehicle was seized unlawfully, as Plaintiff contends, "[a]n illegal seizure of property does not immunize it from forfeiture as long as the government can sustain the forfeiture claim with independent evidence." United States v. Pierre, 484 F.3d 75, 87 (1st Cir.) (citation omitted), cert. denied, 552 U.S. 915 (2007) (cited in Williams, 2014 WL 4494784, at *4).  Cf. INS v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984) (holding that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred. A similar rule applies in forfeiture proceedings directed against contraband or forfeitable property.") (citations omitted) (cited in Williams, 2014 WL 4494784, at *4).  Moreover, there is simply no evidence that Defendant's decision to proceed with the administrative forfeiture violated the exclusionary rule.

## IV. CONCLUSION

Accordingly, because this Court finds that the administrative forfeiture comported with procedural due process, this Court lacks subject matter jurisdiction to review Defendant's decision to forfeit the car. As such, this Court respectfully recommends that Defendant's motion to dismiss, (ECF No. 24), be **GRANTED**.

                                                                           */s/ Joseph A. Dickson 7/13/15*
                                                           JOSEPH A. DICKSON, U.S.M.J.

cc.      Honorable Claire C. Cecchi, U.S.D.J.