**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIC WILLIAMS, | Civil Action No.: 12-cv-4769 (CCC-JAD) |
| Plaintiff, | |
| v. | **OPINION** |
| DRUG ENFORCEMENT ADMINISTRATION, | |
| Defendant. | |

**CECCHI, District Judge.**

I.  **INTRODUCTION**

This matter comes before the Court upon the objection, ECF No. 36, of plaintiff Eric Williams ("Plaintiff") to the Report and Recommendation of Magistrate Judge Dickson ("R&R"), ECF No. 27, on defendant Drug Enforcement Administration's ("Defendant" or "DEA") motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 24. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court adopts Judge Dickson's Report and Recommendation and dismisses Plaintiff's Complaint for lack of subject matter jurisdiction.

II.  **BACKGROUND**

The following facts are accepted as true for the purposes of the instant motion. On July 22, 2010, Defendant seized Plaintiff's vehicle while it was parked at Plaintiff's brother's home, on the basis that Plaintiff's brother used the vehicle to transport narcotics. See Compl., ECF No. 1, ¶¶ 2-3. On August 26, 2010, Defendant sent written notice of the seizure of the vehicle by certified

mail to Plaintiff, who accepted delivery of the notice. See Declaration of Vicki L. Rashid, ("Rashid Decl."), ECF No. 3-1, ¶ 4(f).[1] In addition, notices were published for three consecutive weeks in The Wall Street Journal. Id. at ¶ 4(g). The notices informed Plaintiff that he could either: (a) file a "claim" with the DEA Forfeiture Counsel to contest the forfeiture action in the United States District Court; or (b) file a "petition for remission or mitigation of the forfeiture" with the DEA. See id. Ex. 9.

Plaintiff timely filed a petition for remission or mitigation of the forfeiture. See Compl. ¶ 6. Because Plaintiff did not file a "claim" disputing the forfeiture, the vehicle in question was forfeited to the United States pursuant to 19 U.S.C. § 1609 on December 2, 2010. See Rashid Decl. at ¶ 4(j). On May 16, 2011, Defendant denied Plaintiff's petition. Id. at ¶ 4(k). On May 27, 2011, notice of the denial was delivered to Plaintiff's attorney. See id. at ¶ 4(j). On October 21, 2011, after the deadline to submit a request for reconsideration of the denial had passed, Plaintiff's vehicle was sold. See id. at ¶ 5.

Plaintiff filed a Complaint in this action on July 30, 2012, alleging that the seizure of the vehicle violated his constitutional rights. See ECF No. 1 ¶ 12. On February 13, 2015, Defendant moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See ECF No. 24. This Court referred Defendant's motion to Judge Dickson pursuant to 28 U.S.C. § 636(b)(1)(B). On July 13, 2015, Judge Dickson issued an R&R that this Court grant Defendant's motion because this Court lacks subject matter jurisdiction to review Plaintiff's Complaint. ECF No. 27 at 13.

---

[1] In considering a "factual attack" on the existence of subject matter jurisdiction, such as this one, the Court may consider documents beyond the pleadings. Constitution Party of Penn. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014).

2

Having received no objections to Judge Dickson's R&R, this Court adopted the R&R on July 28, 2015. ECF No. 27. Thereafter, Plaintiff submitted letters to this Court stating he had not received the R&R. ECF Nos. 29, 30. Accordingly, on October 29, 2015, this Court vacated its previous order and directed the Clerk of Court to serve Plaintiff with a copy of Judge Dickson's R&R. ECF No. 31.

On January 8, 2016, Plaintiff filed an objection to Judge Dickson's R&R. ECF No. 36. Construing Plaintiff's objection liberally, Plaintiff argues that Judge Dickson erred in finding a lack of subject matter jurisdiction because the Court has subject matter jurisdiction to correct "procedurally deficient" administrative forfeitures, and the administrative forfeiture of Plaintiff's vehicle was procedurally deficient because (1) the seizure of the vehicle violated Plaintiff's Fourth Amendment rights; (2) the Government failed to follow the provisions of 21 U.S.C. § 881; and (3) Plaintiff is an innocent owner of the vehicle. ECF No. 36 at 5-8. Notably, Plaintiff's objection does not challenge that he received adequate notice of the forfeiture.

### III. LEGAL STANDARD

When a Magistrate Judge addresses dispositive motions, the Magistrate Judge submits a Report and Recommendation. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). On dispositive motions, the district court must make a de novo determination of the portions of the Magistrate Judge's Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). A Report and Recommendation

does not have force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

## IV.   DISCUSSION

Judge Dickson correctly concluded that (1) Plaintiff received adequate notice of the forfeiture proceedings, and (2) this Court lacks subject matter jurisdiction to review Plaintiff's claim that the administrative forfeiture of his vehicle violated his constitutional and statutory rights. Prior to initiating the administrative forfeiture of seized property,[2] the Government is required to publish notice of its intent to forfeit the property in a newspaper of general circulation once a week for three weeks and send written notice to any party known to have an interest in the property. 19 U.S.C. § 1607. "This satisfies statutory requirements and due process concerns." Cohen-Sanchez v. U.S. ex rel. Drug Enf't Admin., No. CIV. 11-6578, 2012 WL 1150760, at *2 (D.N.J. Apr. 5, 2012) (citation omitted). An interested party may respond to notice of the administrative forfeiture action by: (1) filing a claim to contest the forfeiture action in federal court ("Claim"); and/or (2) filing a petition for mitigation of the forfeiture ("Petition"). See id. at *2 (citations omitted).

By filing a Petition instead of a Claim, a petitioner "admits the validity of the seizure but requests relief due to mitigating circumstances." Id. at *3. Accordingly, the seized property is deemed administratively forfeited and will only be returned if the Petition is granted. See id. (citing 19 U.S.C. §§ 1609, 1618). Once seized property is administratively forfeited, the district court is divested of subject matter jurisdiction to review the merits of the forfeiture action, including claims that the seizure violated the Fourth Amendment. See Williams v. Drug Enf't

---

[2] Plaintiff's seized vehicle was valued below $500,000.00, making an administrative procedure a proper means for forfeiture of his property. 19 U.S.C. § 1607(a).

Admin., 620 F. App'x 72, 74 (3d Cir. 2015). "However, a district court retains limited jurisdiction to review whether an interested party received adequate notice of the administrative proceedings." Cohen-Sanchez, 2012 WL 1150760, at *3; see 18 U.S.C. § 983(e)(5).

Here, Plaintiff filed a Petition and did not file a Claim. See Compl. ¶ 6. For this reason, the Court lacks subject matter jurisdiction to review Plaintiff's claim that the seizure of his vehicle violated the Fourth Amendment or his statutory rights. See Williams, 620 F. App'x at 74 (holding the district court lacked jurisdiction to review claim that the DEA's seizure of a vehicle violated the Fourth Amendment where the plaintiff had filed a Petition instead of a Claim). Rather, Plaintiff's sole available remedy is a motion to set aside the forfeiture for insufficient notice pursuant to 18 U.S.C. § 983(e). See Cohen-Sanchez, 2012 WL 1150760, at *3. Yet, Plaintiff does not claim that Defendant provided Plaintiff with inadequate notice of the administrative forfeiture, and the Court agrees with Judge Dickson's finding that adequate notice was provided. R&R at 12. Plaintiff's objections to the R&R concerning the "procedural deficiency" of the administrative forfeiture do not attack the adequacy of the Government's notice to Plaintiff, and are therefore without merit.[3] See ECF No. 36 at 5-8.

Accordingly, Judge Dickson's Report & Recommendation will be adopted.

## V. CONCLUSION

Having thoroughly reviewed Judge Dickson's Report and Recommendation and Plaintiff's objections thereto, this Court hereby adopts Judge Dickson's Report and Recommendation.

---

[3] To the extent Plaintiff cites case law suggesting the Court has jurisdiction to hear procedural deficiency challenges to an administrative forfeiture beyond inadequate notice, see ECF No. 36 at 5, this is unpersuasive. Plaintiff relies on a Supreme Court case from 1874 and out-of-circuit case law that predates the enactment of 18 U.S.C. § 983(e) as part of the Civil Asset Forfeiture Reform Act of 2000.

5

Accordingly, this Court dismisses without prejudice Plaintiff's Complaint for lack of subject matter jurisdiction. An appropriate Order accompanies this Opinion.

Dated: Jany 12, 2017

CLAIRE C. CECCHI, U.S.D.J.